SHORTESS, Judge,
dissenting.
Plaintiffs proved by a preponderance that a chance for survival existed and that it was lost as a result of defendant’s substandard care. Hastings v. Baton Rouge General Hospital, 498 So.2d 713 (La.1986). The majority concedes that defendant’s negligence in its treatment was intolerable, but since there were several reasonable causes for Drago’s death besides sepsis, the jury’s finding that defendant’s negligence was not the legal cause of Drago’s death was not manifestly erroneous.
I feel the majority legally erred in this respect. The only evidence defendant produced to respond to plaintiffs theory of sepsis as the cause of death, which went untreated because defendant failed to monitor properly, is Dr. Ward’s testimony. But a careful examination of Ward’s testimony shows, in my opinion, that she gave no opinion on what caused Drago’s death. In other words, she was referring to possibilities. Dr. Vinci and Dr. Alvarez felt the “most likely” cause of death was sepsis. Plaintiffs tipped the scale. Defendant’s evidence did not bring the scales back to the equipoise.
I respectfully dissent.